111 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose VILLARREAL, Defendant-Appellant.
 No. 96-3905.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 11, 1997.*
Decided April 2, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied May 9, 1997.
 
 Before FLOYD R. GIBSON,** BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 On January 15, 1991, the Government returned a three count indictment charging Jose Villarreal with (1) conspiracy to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2, (2) possession with intent to distribute approximately four ounces of cocaine in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2, and (3) use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). A jury found Villarreal guilty on all counts, and the district court sentenced him to 160 months imprisonment, which included a mandatory sixty month consecutive term for violating section 924(c). On direct appeal, we affirmed Villarreal's convictions and sentence. See United States v. Villarreal, 977 F.2d 1077 (7th Cir.1992), cert. denied, 507 U.S. 945 (1993).
 
 
 2
 After the United States Supreme Court issued its opinion in Bailey v. United States, 116 S.Ct. 501 (1995), the district court granted Villarreal's 28 U.S.C. § 2255 motion to vacate his section 924(c) conviction. Over Villarreal's objection, however, the district court resentenced him on the existing counts, this time utilizing an enhancement applicable to persons who possess weapons during drug trafficking offenses. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995).[1] Upon making this adjustment to Villarreal's base offense level, the court sentenced him to 128 months confinement. In the present appeal, Villarreal claims that the district court had no jurisdiction to revisit the sentence on his two remaining counts of conviction and that the resentencing increased his punishment in violation of the Constitution's Double Jeopardy Clause. Villarreal also contends that the Government did not present sufficient evidence to justify the imposition of the section 2D1.1(b)(1) enhancement. We affirm.
 
 
 3
 Villarreal's arguments based on jurisdictional and double jeopardy grounds have been foreclosed by our recent decision in United States v. Smith, 103 F.3d 531 (7th Cir.1996). In that case, we determined that it is permissible for a district court to apply the section 2D1.1(b)(1) enhancement during resentencing of a habeas petitioner who has successfully achieved relief from his section 924(c) conviction. Id. at 534-35; see also United States v. Binford, No. 96-2419, 1997 WL 91851, at * 7 (7th Cir. Mar. 4, 1997) ("[V]acatur of the § 924(c) portion of [the defendant's] sentence unbundled his sentencing package and entitled the district court to effectuate its original sentencing intent by resentencing [the defendant] and adding an enhancement to his offense level....). In so holding, we flatly rejected assertions that imposition of the enhancement under these circumstances implicates double jeopardy and is beyond the authority of a district court. See Smith, 103 F.3d at 534-35; Binford, 1997 WL 91851, at * 7. Because Villarreal has not offered any "special justification for departing from the doctrine of stare decisis, we must adhere to the law of this Circuit as announced in Smith. See Chicago Truck Drivers Union (Indep.) Pension Fund v. Steinberg, 32 F.3d 269, 272 (7th Cir.1994) ("We therefore shall not disturb precedent absent 'special justification.' ").
 
 
 4
 We also conclude that the Government introduced ample evidence to support the section 2D1.1(b)(1) enhancement. See U.S. Sentencing Guidelines § 2D1.1(b)(1), Application Note 3 (1995) ("The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."). Accordingly, because Villarreal's contentions are without merit, we once again affirm his sentence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second oral argument is unnecessary
 
 
 **
 The Honorable Floyd R. Gibson, Circuit Judge from the Eighth Circuit, is sitting by designation
 
 
 [1]
 The district court was unable to impose a section 2D1.1(b)(1) enhancement at Villarreal's original sentencing, because at that time he stood convicted of violating section 924(c). See U.S. Sentencing Guidelines Manual § 2K2.4, Application Note 2 (1995) ("Where a sentence under [section 924(c) ] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm ... is not to be applied in respect to the guideline for the underlying offense.")